# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-105V
Filed: December 15, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *  <br>KORTNEY MEADOWS,           * <br>                            * <br>            Petitioner,     * <br>                            * <br>v.                          * <br>                            * <br>SECRETARY OF HEALTH         * <br>AND HUMAN SERVICES,         * <br>                            * <br>            Respondent.     * <br>* * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED <br><br>Special Master Hamilton-Fieldman <br><br>Petitioner's Motion for Dismissal Decision; Insufficient Proof of Causation; Vaccine Act Entitlement; Human Papillomavirus ("HPV") Vaccine; Idiopathic Transverse Myelitis. |

<u>Scott William Rooney</u>, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.
<u>Debra Begley</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On February 15, 2012, Kortney Meadows ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et</u> <u>seq.</u> (2006). Petitioner alleged that she suffered from idiopathic transverse myelitis, and that this injury had been caused by human papillomavirus ("HPV") vaccines administered to her on May 8, 2008, May 20, 2008, July 16, 2008, and February 18, 2009. Petition ("Pet") at 1-3. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On December 12, 2014, Petitioner filed a Motion for a Decision Dismissing Her Petition ("Motion"). Petitioner indicates that "[a]n investigation of the facts and science supporting her case has demonstrated … that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Motion at 1. Petitioner further states that she understands a decision

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

dismissing her petition will result in a judgment against her and will end all of her rights in the Vaccine Program.  Motion at 1-2.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§  300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that she suffered a "Table Injury."  Further, the record does not contain any other persuasive evidence indicating that her injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, the medical records are insufficient to establish entitlement to compensation, and no expert report has been filed.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master